UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                    CIVIL ACTION NO. 04-80335

        v.                           DISTRICT JUDGE VICTORIA ROBERTS

CURTIS ELLISON (D-3),          MAGISTRATE JUDGE VIRGINIA MORGAN

        Defendant.
_____/

**SUPPLEMENTAL REPORT AND RECOMMENDATION
DENYING DEFENDANT'S MOTION TO QUASH AND/OR
DISMISS THE FIRST SUPERSEDING INDICTMENT**

      This matter is before the court on Defendant Curtis Ellison's Motion to Quash and/or Dismiss the First Superseding Indictment filed May 20, 2005 (D/E 70). The motion was referred to the undersigned. A hearing on this motion was held before the magistrate judge on June 22, 2005. The parties had resolved several of the motions including the discovery motions–Motion Relative to the FRE, Rule 404(b) Evidence, Motion for Disclosure of Exculpatory and Impeaching Information, and Motion to Allow Participation in Voir Dire. Orders were entered with respect to those motions. The instant motion is amenable only to a Report and Recommendation under 28 U.S.C. §636. At the time of the hearing, it was recommended that the motion be denied for the reasons stated on the record. Pursuant to a request for a written

- 1 -

statement, the reasons for that recommendation are set forth in this Supplemental Report and Recommendation.

Defendant Ellison and others are charged with Conspiracy to Distribute Marijuana, in violation of 21 U.S.C. §846, Conspiracy to Launder Monetary Instruments in violation of 18 U.S.C. § 1956(a)(1)(B)(I), etc. It is the defendant's position that the evidence against him consists of one occurrence which allegedly took place on June 1, 2002. At that time, defendant Ellison was seen in the company of co-defendant Eric Woodley at a residence on Evergreen in Detroit, and later in the day at a residence on Dale Street, and was allegedly involved in narcotics transactions which occurred then at those two residences. Defendant submits that, based upon the discovery so far provided by the government, his presence there is the only evidence against him. He argues that such evidence is insufficient factual support to sustain a conviction against him at trial, and that therefore, the indictment should be quashed and the case against him dismissed.

The matter was presented to the court by proffer. Defense counsel stated that he received a 500 page discovery packet from the government. All that he could find in it with respect to defendant Ellison were the references set forth above. He represented that following the stop and arrest of an individual traveling from Arizona to Detroit with a load of marijuana, the agents made a series of telephone calls to co-defendant Eric Woodley. Subsequently, the cooperating individual delivered the load of marijuana at the Dale Street address. Mr. Ellison was with Mr. Woodley on Evergreen. Mr. Woodley received a phone call from the cooperating individual,

and Mr. Ellison then drove with Mr. Woodley a short distance to the Dale Street address where the marijuana was ultimately delivered. This, he argues, is not enough.

The government submits that in addition to the mere presence of Mr. Ellison and the agents observations, there are a number of witnesses who will offer testimony regarding the circumstances of Mr. Ellison's involvement on that day and his role in the conspiracy. Further, there are witness accounts of Mr. Ellsion personally handling large quantities of marijuana, heroin, and cocaine, which will be offered at trial. Also, there will be testimony from witnesses about Mr. Ellison's handling of firearms, and his personally threatening witnesses and individuals with firearms. Because of the government's concerns for the witnesses' safety, not all those accounts have been provided in the discovery packet. However, the government will provide additional discovery consistent with Fed.R.Crim.P. Rule 16 and the Court's Standing Order for Discovery and Inspection in Criminal Cases. (Tr. 42-44)

An analysis of the motion begins with attention to F.R.Cr.P. Rule 12. That requires that a defendant bring all motions to dismiss an indictment prior to trial. Defense counsel has done so here. A defendant may move to dismiss an indictment to remedy vindictive prosecution, prosecutorial misconduct in grand jury proceedings or outside the indictment process, and unnecessary delay in presenting charges to the grand jury. See, F.R.Cr.P. Rule 48(b); *United States v. Marion*, 404 U.S. 307, 324 (1971). Defendant does not raise any of those grounds here.

Instead, defendant seeks dismissal based on an evidentiary challenge. Generally, courts will not sustain a defendant's challenge to a facially valid indictment on grounds of insufficient

evidence.  See, *Costello v. United States*, 350 U.S. 359, 363-64 (1956); *United States v. Markey*, 693 F.2d 594, 596 (6th Cir. 1982).  The reasons for this reluctance are clearly explained by the court in *United States v. Maceo*, 873 F.2d 1, 3 (1st Cir. 1989), which noted that the validity of an indictment is not affected by alleged insufficiency of evidence because the grand jury proceeding is merely the preliminary phase of the criminal justice process and all constitutional protections are afforded to the defendant at trial.  It is the burden of the government, *at trial*, to prove the defendant's guilt beyond a reasonable doubt.  Neither incompetent evidence presented to the grand jury nor the failure to present even substantial exculpatory evidence to the grand jury are grounds for dismissal.  *Costello*, 350 U.S. at 363-364; *United States v. Williams*, 504 U.S. 36, 50-52 (1992).

An indictment is sufficient if it is a plain, concise and definite written statement of the essential facts constituting the offense charged.  F.R.CR. P. Rule 7(c)(1).  An indictment need only contain those facts and elements of the alleged offense necessary to inform the accused of the charge so that he or she may prepare a defense and invoke the double jeopardy clause when appropriate.  *United States v. Burgos*, 254 F.3d 8, 11 (1st Cir 2001).  In *United States v. Bolden*, 325 F.3d 471, 492 (4th Cir. 2003), an indictment alleging conspiracy to commit money laundering was sufficient, despite not specifying conspiracy to commit a specific act.  This circuit in *United States v. Middleton*, 246 F.3d 825, 841 (6th Cir. 2001) held that an indictment charging tax evasion under 26 U.S.C. §7201 was sufficient because it enumerated each element and provided defendant notice of the statute under which he was being prosecuted.

In the instant case, the government has concerns for the safety of the witnesses. However, it has balanced these concerns against the timing of discovery and after filing motions, defense counsel expressed his satisfaction with having sufficient disclosures to fairly defend his client. With respect to the particular legal issue of sufficiency raised in the motion, I do not find that is grounds to quash the indictment and/or dismiss the case. The indictment contains a concise, clear written statement of the charges against defendant and is adequate to inform the defendant of the charges against him. It may be that at trial the government will be unable to prove the charge, or the defendant may have been merely present, or at the conclusion of the government's case, he may be entitled to a judgment of acquittal. However, defendant's allegations do not meet the standard to dismiss an indictment pretrial. The motion appears to be essentially a kind of preliminary Rule 29 Motion for Judgment of Acquittal. As such, it is premature.

Since the indictment meets all constitutional safeguards, it is recommended that the Motion to Quash and/or Dismiss the First Superseding Indictment be denied.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to

this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

  s/Virginia M. Morgan  
VIRGINIA M. MORGAN  
UNITED STATES MAGISTRATE JUDGE

Dated:   August 19, 2005

---

**Proof of Service**

The undersigned certifies that a copy of the foregoing supplemental report and recommendation was served on the attorneys of record by electronic means or U.S. Mail on August 19, 2005.

  s/Jennifer Hernandez  
Case Manager to  
Magistrate Judge Morgan