**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**CASE NUMBER: 04-80335-03**
**HONORABLE VICTORIA A. ROBERTS**

**v.**

**CURTIS ELLISON,**

**Defendant.**

______________________________/

**ORDER**

## I. INTRODUCTION

This matter is before the Court on Defendant Curtis Ellison's Motion for Release of Defendant Pending Sentence. For the reasons set forth below, the Court **DENIES** Defendant's motion.

## II. BACKGROUND

Defendant Curtis Ellison ("Defendant") was charged with: (1) conspiracy to distribute over 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 846; (2) conspiracy to launder monetary instruments, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(I), 1956(a)(1)(B)(ii), 1956(a)(1)(A)(I) and 1956(h); and (3) forfeiture allegations. Ellison pled guilty to Count VI, conspiracy to launder monetary instruments. It is anticipated that the government will move to dismiss the remaining counts of the indictment against Defendant at sentencing, pursuant to a joint stipulation of the parties. However, Defendant remains charged with a drug offense punishable by 10 years or more in prison, pursuant to 18 U.S.C. § 3142(e) (2000).

The indictment alleges that Defendant and his co-conspirators engaged in a

successful scheme to possess and distribute large quantities of bulk marijuana and to launder large sums of drug proceeds. Further, the indictment alleges that Defendant and his co-conspirators used violence, threats and firearms to further their illegal activities.

On February 3, 2005, Defendant was arraigned. Pretrial Services recommended detention. Initially, Defendant consented to detention because Pretrial Services had also recommended detention in a separate federal case. After bond was reinstated in his other case, Defendant petitioned the Court for rehearing on the issue of bond. On March 3, 2005, this Court denied Defendant's motion for reconsideration. Four months later, this Court considered and denied a request by Defendant for bond.

Once again, Defendant moves this Court to reconsider the issue of bond, arguing that his circumstances have changed because he completed an anger management program and the statutory presumption against release is no longer applicable. Defendant would like to be released prior to his January 19, 2007 sentencing hearing.

## III. ANALYSIS

Defendant argues significant "changes in circumstances" since this Court denied bond. First, Defendant anticipates that the charge of drug conspiracy will be dismissed at the time of sentence. The drug conspiracy charge implicates a potential maximum term of ten years or more and, therefore, triggers the statutory presumption in 18 U.S.C. § 3142(e). Subject to rebuttal by defendant, it is presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required. *United States v. Hazime*, 762 F.2d 34 (6th Cir. 1985). However, Defendant

argues that the presumption is inapplicable because the charge will be dismissed at sentencing. Further, he asserts that the possibility of flight is significantly lessened if the Court imposes additional conditions upon release, including third party custody and an electronic monitoring device.

Second, Defendant argues that his recent completion of an anger management course demonstrates that he is unlikely to pose a danger to the community. He also references his close ties to his family and community as evidence that he is unlikely to harm others.

The government contends that Defendant's "change in circumstances" does not outweigh the impact of the probable-cause-based presumption against his release. The government contends that the wealth of relevant facts dictates continued detention.

Under 18 U.S.C. § 3142(e), a defendant shall be detained pending sentencing if, after a hearing, the judicial officer finds that no condition or set of conditions will reasonably assure the defendant's appearance as required and the safety of any other person and the community. Section 3142(g) sets out the factors to be considered in making that determination. Those factors are: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). The government bears the burden to establish, by clear and convincing evidence, that defendant is dangerous to another person or the community, or to establish, by a preponderance of the evidence, that defendant poses a proven risk of flight. *United States v. Hinton*, 113 Fed.Appx. 76, 77 (6th Cir. Sept. 20, 2004); *United*

*States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985).

The Court agrees that the § 3142(g) factors weigh in favor of Defendant's detention. Even though it is anticipated that the drug charge will be dismissed in accordance with Defendant's plea agreement, the presumption in favor of detention does not vanish. "The Court may continue to give the presumption some weight by keeping in mind that Congress has determined 'that drug offenders pose a special risk of flight and dangerousness to society.'" *United States v. Hinton*, 113 Fed.Appx. 76, 77 (6th Cir. Sept. 20, 2004)(citing *United States v. Hare*, 873 F.2d 796, 789-99 (5th Cir. 1989)). In *Hinton*, the Sixth Circuit stated that the indictment is sufficient to support a finding of probable cause triggering the rebuttable presumption. Moreover, the Sixth Circuit has stated that the presumption does not vanish simply because a defendant comes forward with evidence to rebut it. *Id.* Likewise, this Court believes that the presumption should not disappear because the charges may be dismissed at sentencing.

The Court commends Defendant for completing an anger management program and appreciates his willingness to begin rehabilitation. However, the Court is unable to ignore a record that exhibits Defendant's repeated inability to conform his conduct to appropriate societal norms.

Defendant was charged with conspiracy to commit drug trafficking. The weight of the evidence against him is substantial. The indictment and the Presentence Investigation Report indicate that for almost five years Defendant played a major role in a drug trafficking conspiracy. Although Defendant denies any participation in the distribution of drugs, there are witness reports of Defendant participating in drug deals,

handling tens-of-thousands of dollars in cash, and regularly possessing firearms.

In addition, the history and characteristics of Defendant support detention. Most significantly, Defendant has used at least eight known aliases. He has convictions under four different names related to drugs, theft, assault, and attempted fleeing and eluding. Further, Defendant violated the conditions of his federal bond and state probation at least seven times. In 2004, while on federal bond, Defendant was convicted of two offenses – aggravated assault and operating a vehicle while impaired.

In addition, the Court finds that Defendant poses a significant threat to the community. In dealing with the danger to the community factor under § 3142(g), "the courts look to more than whether or not defendant *himself* has been guilty of physical violence," but also to the safety of the community as a whole. *United States v. Vance*, 851 F.2d 166, 169 (6th Cir. 1988).

In 2004, Defendant was convicted for aggravated assault upon his girlfriend. This assault occurred while he was on bond and proved to be extremely violent. Defendant repeatedly punched the mother of his child in the face as she attempted to descend a flight of stairs while holding their 18-month old daughter. Defendant then choked the women until she blacked out, causing significant injury to both the child and the mother.

Even in the absence of a statutory presumption, the history, characteristics, and overall dangerousness of Defendant weigh heavily against pretrial release. The Court believes there are no conditions or combination of conditions that could reasonably assure the appearance of Defendant or the safety of the community. Therefore, the Court **DENIES** Defendant's motion seeking release pending sentencing.

**IT IS SO ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 8, 2007

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 8, 2007.

s/Linda Vertriest
Deputy Clerk