**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**CURTIS ELLISON,**

        **Petitioner,**          **CASE NUMBER: 04-80335
HONORABLE VICTORIA A. ROBERTS**

**v.**

**UNITED STATES OF AMERICA,**

        **Respondent.**
_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

On May 20, 2010, the Court denied the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence.

An appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability ("COA") is issued either by a circuit court or district court judge. *See* 28 U.S.C § 2253(c)(1)(A) and F.R.A.P. 22(b). If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b).

In order to obtain a certificate of appealability, a prisoner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates that the issues raised are debatable among reasonable jurists, that the court could resolve issues differently, or that the questions deserve to proceed further. *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983).

1

The Supreme Court recently explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). "A prisoner seeking a COA must prove 'something more than absence of frivolity' or the existence of mere 'good faith' on his or her part." *Id*. at 338 (quoting *Estelle*, 463 U.S. at 893). However, the Supreme Court stated that a prisoner need not prove that some jurists would grant the petition for habeas corpus. *Id*. "Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Id*.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. *See Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (*per curiam*). If granted, the Court must identify the issues for which the applicant made the required showing. 28 USC § 2253(c)(3); F.R.A.P. 22(b). Where the petition for writ of habeas corpus was dismissed on procedural grounds, "[d]etermining whether a COA should issue . . . has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding. Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Petitioner pled guilty to one count of Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(h). In his habeas petition, Petitioner sought relief based on ineffective assistance of counsel. Petitioner says his attorney's representation was constitutionally defective because his attorney:

2

(1) filed a sentencing memorandum which caused the Government to withdraw the Plea Agreement; (2) made Petitioner testify against his interest at the evidentiary hearing, and failed to inform Petitioner of his right under the Fifth Amendment against self-incrimination; and (3) failed to properly argue against the two-point sentencing enhancement for obstruction of justice.

On review, the Court found the dissolution of the Plea Agreement did not prejudice Petitioner. Instead, it released him from stipulating to the amount of laundered funds, and gave him the chance he asked for, in his letter and on the record, to argue for a lower sentence.

In addition, the Court imposed a higher sentence on Petitioner based on its finding that Petitioner committed perjury. And, Petitioner did not allege that his attorney encouraged him to commit perjury, or that his attorney told him there would be no consequences if he did commit perjury. Accordingly, his ineffective assistance of counsel claim failed.

Finally, the Court found Petitioner did not suffer prejudice, either because his attorney failed to argue that the sentencing enhancement for obstruction of justice was a misapplication of the Guidelines, or failed to demand that the Court: (1) identify those portions of Petitioner's testimony which were deemed perjurious; and (2) make a clear and specific finding that obstruction of justice occurred. The Court's determination was upheld on review.

The Court finds the issue raised by Petitioner is not debatable among reasonable jurists.

The Court **DENIES** to issue a Certificate of Appealability.

**IT IS ORDERED.**

                                                  s/Victoria A. Roberts
                                                  Victoria A. Roberts
                                                  United States District Judge

Dated: August 4, 2010

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Curtis Ellison by electronic means or U.S. Mail on August 4, 2010.

s/Linda Vertriest
Deputy Clerk

---