UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS ELLISON,

    Petitioner,

v.

    CASE NO: 04-80335-3
    HONORABLE VICTORIA A. ROBERTS

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER DENYING MOTION FOR RELIEF FROM JUDGEMENT

**I.    INTRODUCTION**

Before the Court is Petitioner Curtis Ellison's Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b).

The Court **DENIES** Petitioner's Motion.

**II.    BACKGROUND**

In July 2004, Petitioner was indicted on charges of conspiracy to distribute marijuana, in violation of 21 U.S.C. § 846, and conspiracy to launder money instruments, in violation of 18 U.S.C. §§ 1956(a)(1) and 1956(h). (Doc. # 8; First Superseding Indictment).  In July 2006, Petitioner pleaded guilty to one count of conspiring to launder money instruments; the Government agreed to dismiss the remaining counts.   (Doc. # 216).  Petitioner signed an agreement under Fed. R. Crim. P. 11 ("the Plea Agreement") that stated he assisted in using drug proceeds to lease vehicles worth over $70,000, his sentencing guideline range was 70 to 87 months'

imprisonment, and neither party could dispute the agreed-upon guideline range.

In November 2006, Petitioner's attorney filed a sentencing memorandum objecting to the Plea Agreement's calculation of the amount of money Petitioner laundered. (Doc. # 230). The Government moved to withdraw the agreement, saying Petitioner breached it by challenging the guideline range. Petitioner moved to withdraw his guilty plea.

The Court held a hearing on the two motions. Eventually the parties agreed that: (1) the Plea Agreement would be withdrawn; (2) Petitioner could maintain his guilty plea to one count of conspiring to launder money; (3) the Government would dismiss the remaining charges after sentencing; and (4) Petitioner would waive the right to appeal the sentence. (Doc. # 269; 12/7/06 Tr. 7-8, 14). This compromise allowed Petitioner to request an evidentiary hearing for the Court to determine the amount laundered.

The Court held the evidentiary hearing on January 19, 2007. Petitioner testified that his illegal activities involved less than $10,000, but the Court found that Petitioner laundered between $70,000 and $120,000 in drug proceeds, the amount stipulated to in the withdrawn Plea Agreement. The Court held the guideline range remained at 70 to 87 months.

At sentencing, the Government argued that because Petitioner breached the Plea Agreement, he was no longer entitled to the previously anticipated guideline reduction for acceptance of responsibility. The Government also contended that Petitioner perjured himself at the evidentiary hearing by testifying he laundered less than $10,000; it argued he should be assessed additional points for obstruction of justice. The Government said the new sentencing guideline range was 110 to 137

months. The Court agreed with the Government's new guideline calculation and sentenced Petitioner to 137 months in prison. The Sixth Circuit affirmed Petitioner's sentence on appeal. (Doc. # 312).

On November 24, 2009, Petitioner filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on grounds that his attorney was constitutionally ineffective for: (1) breaching the Plea Agreement by filing his sentencing memorandum; (2) failing to advise Petitioner of his right not to testify at the evidentiary hearing; and (3) failing to challenge the obstruction of justice enhancement. (Doc. # 321).

On May 20, 2010, the Court denied Petitioner's motion, finding Petitioner's attorney did not render ineffective assistance. (Doc. # 339). As to Petitioner's first claim, the Court held, "[a]lthough breaching the Plea Agreement may have been a risk, Defendant was not prejudiced by the resulting compromise, because it let him maintain the same guilty plea, while giving him the chance to argue for a lighter sentence." (*Id.* at 6). The Court also found counsel's alleged failure to advise Petitioner of his right against self-incrimination did not prejudice him because the obstruction of justice enhancement did not result from Petitioner's truthful testimony, but from his perjury. (*Id.* at 7-8). Finally, the Court held Petitioner provided no evidence that his attorney's argument with respect to the obstruction of justice enhancement was not professionally competent. (*Id.* at 9). On April 27, 2011, the Sixth Circuit Court of Appeals denied Petitioner's application for certificate of appealability. (Doc. # 358).

On June 8, 2011, Petitioner filed this Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(4) and (6). (Doc. # 359). He says the Court's Order on his § 2255 motion failed to address the merits of his claim that counsel was ineffective because he

3

failed to advise Petitioner of his right not to testify at the evidentiary hearing.

## III. ANALYSIS

### A. Petitioner's Motion is not Cognizable Because it Constitutes a Second Habeas Petition

Federal Rule of Civil Procedure 60(b) permits the Court to relieve a habeas petitioner from judgment in certain circumstances. *See Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005) (holding that a petitioner can move for relief from a 28 U.S.C. § 2254 judgment under Rule 60(b) when he does not assert or reassert claims of error in his state conviction); *In re Nailor*, 487 F.3d 1018, 1021 (6th Cir. 2007) (applying the reasoning of *Gonzalez* to § 2255).   Under Rule 12 of the Rules Governing Section 2255 Proceedings, "[t]he Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."  28 U.S.C. § 2255 Rule 12.

A Rule 60(b) Motion should be considered a § 2255 motion to vacate, set aside, or correct the sentence "if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief."  *Nailor*, 487 F.3d at 1022 (citation and quotation marks omitted).  In this instance, using Rule 60(b) to seek relief would be incompatible with § 2255 because it would circumvent the requirement that a second or successive habeas petition be precertified by the court of appeals as falling under an exception to the successive-petition bar.  *Id.*; *see also* §§ 2255(h), 2244(b)(3).

Petitioner couches his claim as one that seeks to remedy the Court's failure to address one of his original habeas claims.  He says the Court neglected to consider his Fifth Amendment claim that his counsel did not advise him of his right to remain silent at the evidentiary hearing.  In *Gonzalez,* the Supreme Court held that a motion predicated on the district court's failure to reach the merits of a habeas claim should not be treated as a successive habeas petition, and can be made under Fed. R. Civ. P 60(b).  545 U.S. at 538.

However, in this case, the Court considered and rejected Petitioner's claim that his attorney was constitutionally ineffective for coercing him to testify and failing to inform him of his right against self incrimination.  (*See* Doc. # 339 at 7-8).  Petitioner concedes that the Court "adopted the [G]overnment's position that [he] was not prejudiced by trial counsel's failure to afford [him] his basic right not to testify."  (Doc. # 359 at 7).  Thus, considering Petitioner's motion under Rule 60(b) is incompatible with the requirements for filing successive habeas petitions under § 2255.

Just because the Court agreed with the Government's reasoning, does not mean the Court failed to consider Petitioner's claim on the merits.  On the contrary, the Court considered the merits and expressly held that Petitioner's sentence was not raised because he failed to exercise his right to remain silent or because he made incriminating admissions under oath; rather, his sentence increased because he committed perjury.  (Doc. # 339 at 7-8).  Thus, any alleged failure on counsel's part did not prejudice Petitioner, as required to demonstrate ineffectiveness.  The Court also observed that Petitioner did not allege that his attorney encouraged him to commit perjury or told him there would be no consequences if he did.  (*Id.* at 8).  The Court said,

"[Petitioner] supplies no evidence that [his attorney] encouraged him to testify, much less that he was coerced or bullied into doing so." (*Id.* at 8).

As in *Nailor*, "[Petitioner's] Rule 60(b)(6) motion could be read to attack the district court's resolution of his previous § 2255 motion, which raised an ineffective-assistance-of-counsel claim based on [the same] argument." 487 F.3d at 1023. The Court construes the motion as a second § 2255 petition. *See id.*; *United States v. Carter*, 500 F.3d 486, 489 (6th Cir. 2007) ("When a 60(b) motion attacks the merits of a conviction or sentence, or 'if it attacks the federal court's previous resolution of a claim on the merits,' it should be construed as a habeas petition." (quoting *Gonzalez*, 545 U.S. at 532)).

Petitioner cannot bring his claim as a second habeas petition; he does not meet the requirements of §§ 2255(h) and 2244(b)(3). Under § 2244(b)(3), the petitioner must move in the court of appeals for an order authorizing the district court to consider the petition. In addition, the petition must be certified to contain newly discovered evidence establishing that the petitioner could not have reasonably been found guilty of the offense, or a new rule of constitutional law, made retroactive to cases on collateral review, by the Supreme Court. § 2255(h).

### B.     Even if Cognizable as a 60(b) Motion, Petitioner's Claim Fails

Even if the Court construes Petitioner's motion as properly brought under Rule 60(b), Petitioner's claim fails. Petitioner's motion raises the same issue regarding counsel's alleged failure to inform him of his right to remain silent at the evidentiary hearing as his original § 2255 motion to vacate. The Court held that defense counsel was not ineffective because even if he failed to advise Petitioner, the failure did not

prejudice Petitioner. The Sixth Circuit denied a certificate of appealability, observing that Petitioner did not make a substantial showing that his attorney was ineffective with respect to his testimony during the hearing. (Doc. # 358 at 2). The Sixth Circuit holds that "the district court does not abuse its discretion when it denies post-judgment relief to a party raising the same issues and arguments post-judgment as those rejected by the district court in its prior (final) judgment." *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001).

Additionally, Petitioner's 60(b) motion is time-barred. Petitioner moves under Fed. R. Civ. P. 60(b)(4) and (6). He likely utilizes these subsections of the rule to avoid the one-year limitations period of subsections (1), (2), and (3). *See* Fed. R. Civ. P. 60(c)(1). This Court entered its order denying Petitioner's motion to vacate on May 20, 2010. Petitioner filed this motion on June 8, 2011, more than one year after entry of judgment against him. According to Rule 60(c)(1), "[a] motion under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." *Id.*; *see also Goland v. Central Intelligence Agency*, 607 F.2d 339, 372 (D.C. Cir. 1978) (the one-year limitations period for the filing of certain 60(b) motions is "iron-clad," begins to run on the date of the judgment entered in the district court, and is not tolled by a pending appeal).

As explained below, Petitioner's motion most properly falls under 60(b)(1); a one-year time limit applies. "Motions for relief from judgment that are subject to the one-year limitations period may not be disguised as motions with a more generous limitations period." *Chambers v. Straub*, No. 04-71605, 2008 WL 2782891, at *2 (E.D. Mich. July 17, 2008) (citing *Kalamazoo River Study Grp. v. Rockwell Intern.*, 355 F.3d 574, 588

7

(6th Cir. 2004)); *see also Serzysko v. Chase Manhattan Bank*, 461 F.2d 699, 702 (2d Cir. 1972) ("And it is settled that an appellant cannot circumvent the one year limitation by invoking the residual clause (6) of Rule 60(b).").

Rule 60(b)(4) applies only if the Court's judgment is void. "A judgment is considered void...'if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995) (citation omitted). That did not happen here.

Rule 60(b)(6) is a catchall provision that says the Court can grant relief from judgment for "any other reason that justifies relief." It applies in very unusual and exceptional circumstances, *Gonzalez*, 545 U.S. at 536, not addressed by the first five numbered clauses of the rule, *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989), "where principles of equity *mandate* relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (emphasis in original). Petitioner does not present extreme circumstances; rather, his motion alleges legal error or inadvertence. "A claim of strictly legal error falls in the category of 'mistake' under Rule 60(b)(1) and thus is not cognizable under 60(b)(6) absent exceptional circumstances." *Hopper*, 867 F.2d at 294; Fed. R. Civ. P. 60(b)(1) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect.").

The Court lacks discretion to extend the one-year time limit applicable to motions filed under Rule 60(b). *Smith v. Sec. of Health and Human Servs.*, 776 F.2d 1330,

1332-33 (6th Cir. 1985); Fed. R. Civ. P. 6(b)(2). Therefore, to the extent Petitioner seeks relief under subsections (1), (2), or (3), his motion is untimely. To the extent he seeks relief under subsections (4) and (6), he is not entitled to it.

### C. The Court Will Not Issue a Certificate of Appealability

The Court declines to issue Petitioner a certificate of appealability ("COA"). In *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007), the Sixth Circuit held a habeas petitioner is required to obtain a COA before appealing the district court's denial of a Rule 60(b) motion. "In order to obtain a certificate of appealability, [a petitioner] 'must show that [the court of appeals] could debate whether (or, for that matter agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Id.* at 926 n.1 (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)).

In the context of a habeas petitioner's Rule 60(b) motion, the Second Circuit Court of Appeals instructs:

> [A] COA should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right.

*Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001).

Petitioner does not make a substantial showing of the denial of a constitutional right or that this Court abuses its discretion in denying his 60(b) motion. "Because the Court can discern no good faith basis for an appeal, any appeal would be frivolous." *Dukes v. Berghuis*, No. 07-15011, 2010 WL 1626637, at * 2 (E.D. Mich. Apr. 21, 2010).

9

The Court therefore declines to issue a COA.

### IV.	CONCLUSION

The Court **DENIES** Petitioner's Motion for Relief from Judgment.

The Court **DECLINES TO ISSUE** a certificate of appealability.

**IT IS ORDERED**.

					s/Victoria A. Roberts
					Victoria A. Roberts
					United States District Judge

Dated:  July 5, 2011

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Curtis Ellison by electronic means or U.S. Mail on July 5, 2011.

s/Linda Vertriest
Deputy Clerk

---