UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS ELLISON,

    Petitioner,                              Civil Case No. 13-11707
                                                Criminal Case No. 04-80335
v.                                                    Hon. Gerald E. Rosen

UNITED STATES OF AMERICA,

    Respondent.
_____/

ORDER TRANSFERRING SECOND
28 U.S.C. § 2255 MOTION TO SIXTH CIRCUIT
COURT OF APPEALS FOR CERTIFICATION RULING

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     September 14, 2016    

PRESENT:    Honorable Gerald E. Rosen
                         United States District Judge

Following his plea of guilty to one count of conspiracy to launder monetary instruments, Petitioner Curtis Ellison was sentenced in July of 2007 to a 137-month term of imprisonment, and this sentence was affirmed on direct appeal. *See United States v. Ellison,* No. 07-1945, 336 F. App'x 483 (6th Cir. July 1, 2009). Petitioner then filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, but this motion was denied in May of 2010, *see United States v. Ellison,* No. 04-80335, 2010 WL 2017747 (E.D. Mich. May 20, 2010), and

Petitioner's request for a certificate of appealability likewise was denied by both the sentencing court and the Court of Appeals, *see United States v. Ellison,* 2010 WL 3060312 (E.D. Mich. Aug. 4, 2010); *Ellison v. United States,* No. 10-1944, Order at 2-3 (6th Cir. Apr. 27, 2011).[1]

Through the present motion, Petitioner seeks for a second time to challenge his conviction and sentence pursuant to 28 U.S.C. § 2255. In support of this challenge, Petitioner cites the statutory authorization to bring a "second or successive motion" under § 2255 where "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," was "unavailable" at the time Petitioner filed his initial § 2255 motion. *See* 28 U.S.C. § 2255(h)(2). More specifically, Petitioner points to the decisions of the Supreme Court in *Lafler v. Cooper,* 132 S. Ct. 1376 (2012), and *Missouri v. Frye,* 132 S. Ct. 1399 (2012), as purportedly establishing a new rule of constitutional law concerning the obligations of counsel in advising a client whether to accept or reject a plea deal, and he apparently contends that this new rule has been made retroactive to cases on collateral review by virtue of the Sixth Circuit's ruling in *Titlow v. Burt,* 680

---

[1]District Judge Victoria A. Roberts presided over Petitioner's case at the time of his plea and sentencing, and Judge Roberts also ruled on Petitioner's initial § 2255 motion and his request for a certificate of appealability following the denial of this motion. By order dated April 17, 2013, this case was reassigned to the undersigned District Judge.

2

F.3d 577 (6th Cir. 2012).[2]

Regardless of the merit of Petitioner's claim of a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," 28 U.S.C. § 2255(h)(2), it is clear from the plain language of § 2255 itself that Petitioner must seek authorization from the Court of Appeals, and not this Court, in order to pursue a "second or successive" collateral challenge to his conviction and sentence. *See* 28 U.S.C. § 2255(h) (mandating that a "second or successive motion must be certified as provided in [28 U.S.C. §] 2244 by a panel of the appropriate court of appeals"); *see also In re Sims,* 111 F.3d 45, 46 (6th Cir. 1997). Accordingly, the Court cannot act upon Petitioner's motion, but instead must transfer this matter to the Sixth Circuit for its determination whether Petitioner should be granted the requisite authorization to file the present motion, his second under § 2255. *See* 28 U.S.C. § 1631; *In re Sims,* 111 F.3d at 47.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Petitioner's amended motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (docket #381) is TRANSFERRED to the Sixth Circuit Court of Appeals

---

[2]The Court notes that this Sixth Circuit decision has since been reversed by the Supreme Court. *See Burt v. Titlow,* 134 S. Ct. 10 (2013).

pursuant to 28 U.S.C. § 1631 for a determination whether Petitioner may file a second § 2255 motion with this Court. In light of this transfer, the civil case initiated as a result of Petitioner's § 2255 filing, Case No. 13-11707, is hereby CLOSED.

s/Gerald E. Rosen<br>
United States District Judge

Dated: September 14, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 14, 2016, by electronic and/or ordinary mail.

        s/Julie Owens<br>
        Case Manager, (313) 234-5135